Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>JUAN CARLOS CRUZ RODRÍGUEZ<br><br>PETICIONARIO | KLCE202400976 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sala:0506<br><br>Criminal Núm.:<br>E VI1992G0048<br><br>Sobre:<br><br>ART. 3 ASESINATO EN PRIMER GRADO CLÁSICO |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece ante nos, por derecho propio, Juan Carlos Cruz Rodríguez, (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 20 de junio de 2024 y notificada el 7 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante el referido dictamen, dicho tribunal declaró *No Ha Lugar* la "*Moción al Amparo de la Regla 192.1 de P.C.*"

Por los fundamentos que expondremos a continuación, *expedimos* y *confirmamos* el dictamen recurrido.

**I.**

En la actualidad, el peticionario se encuentra recluido en el Complejo Correccional de Ponce, en cumplimiento de una pena carcelaria de trescientos siete (307) años por hechos ocurridos entre 1988 y 1992. A la luz de tales hechos fue sentenciado por asesinato en primer grado; Artículo 83(a) del derogado Código Penal del Estado Libre Asociado de Puerto

Rico, Ley Núm. 115 de 22 de julio de 1974; apropiación ilegal, Artículo 165 del derogado Código Penal del Estado Libre Asociado de Puerto Rico, Ley Núm. 115 de 22 de julio de 1974; y por violentar el Artículo 8 de la derogada Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951, 25 LPRA sec. 418.

Surge del expediente ante nuestra consideración, que el 1 de julio de 2013, el peticionario, presentó ante el foro recurrido una "*Moción al Amparo de la Regla 192.1 de Procedimiento Criminal posterior a la convicción.*" La referida moción fue declarada *No Ha Lugar* por el foro recurrido.

Luego de ello, el 28 de mayo de 2024, el peticionario presentó nuevamente una "*Moción al Amparo de la Regla 192.1 de P.C.*," bajo fundamentos distintos a los planteados en su primera moción. En este segundo petitorio, argumentó que la pena de quince (15) años que extingue por infringir el Artículo 8 de la Ley de Armas de Puerto Rico, *supra,* excede la pena dispuesta para el referido delito*.* Sostuvo su posición, bajo el fundamento de que al sumar la infracción del Artículo 8 de la Ley de Armas de Puerto Rico, *supra* y la pena de reincidencia que se le impuso, el tiempo total de reclusión es uno que no excede los siete (7) años y medio. Así pues, en virtud de la Regla 192.1 de las Reglas de Procedimiento Criminal, Ley Núm. 87 de 26 de junio de 1963, 34 LPRA Ap. II, R.192.1, solicitó al foro recurrido que se dictara una nueva sentencia a los efectos de corregir la pena que extingue por infringir la precitada disposición de la Ley de Armas de Puerto Rico.

En atención de la moción presentada, el 7 de agosto de 2024, el foro recurrido notificó una "*Resolución.*" Mediante esta, declaró *No Ha Lugar* la "*Moción al Amparo de la Regla 192.1 de P.C.*," bajo el fundamento de que el peticionario debió esbozar sus planteamientos en la anterior moción del 1 de julio de 2013 o en cualquiera de sus escritos previos, para que así dichos planteamientos no se consideraran renunciados.

En desacuerdo, oportunamente el 3 de septiembre de 2024, el peticionario compareció ante nos mediante un auto de "*certiorari*." En su comparecencia expuso el siguiente señalamiento de error:

> La sentencia se excedió de la pena prescrita para el delito por el Art. 8 Ley de Armas Caso Núm. ELA92G0382, Sentencia de quince (15) años en grado de reincidencia.

Posteriormente, el 2 de noviembre de 2024, la Oficina del Procurador General presentó ante este Tribunal un "*Escrito en Cumplimiento de Orden*." Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración.

**II.**

**A.     Recurso de *Certiorari*:**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020).

De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

- **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

- **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

- **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

- **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

- **E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

- **F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

- **G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B.     Regla 192.1 de las Reglas de Procedimiento Criminal:**

La Regla 192.1 de Procedimiento Criminal (Regla 192.1) autoriza a cualquier persona que se encuentre detenida por sentencia condenatoria a presentar una moción en la sede del Tribunal de Primera Instancia que la dictó para que anule, deje sin efecto o corrija la sentencia, alegando su derecho a ser puesto en libertad por cualquiera de los fundamentos siguientes: (1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (3) la sentencia impuesta excede de la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. 34 LPRA Ap. II, R. 192.1 (a); *Pueblo v. Hernández Doble*, 210 DPR 850, 862 (2022).

La referida regla explica detalladamente lo que deberá incluirse en la moción y cómo el TPI habrá de evaluarla, al disponer, en lo aquí pertinente, que:

(a)     […]

La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

(b)      Notificación y vista. A menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, el tribunal dispondrá que se notifique con copia de la moción, si se trata de una sentencia dictada por el Tribunal de Primera Instancia, al fiscal de la sala correspondiente, y si se trata de una sentencia dictada por el Tribunal de Distrito, al fiscal de la sala del Tribunal de Primera Instancia a la cual puedan apelarse las sentencias de dicho Tribunal de Distrito. El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la misma.

Si el tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por la ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.

El tribunal podrá considerar y resolver dicha moción sin la presencia del solicitante en la vista, a menos que se plantee alguna cuestión de hecho que requiera su presencia. […].  34 LPRA Ap. II, R.192.1

Según se desprende de la precitada norma, el mecanismo procesal al amparo de la Regla 192.1, *supra,* se puede presentar en cualquier momento, para atacar colateralmente la validez o constitucionalidad de una sentencia criminal cuando el convicto está cumpliendo prisión por ésta. *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007). Los fundamentos para solicitar la revisión de una sentencia bajo este mecanismo se limitan a planteamientos de derecho, por lo que no puede ser utilizado para revisar señalamientos sobre cuestiones de hechos que hubieren sido adjudicadas por el tribunal. *Íd.*

Además, la culpabilidad o inocencia del convicto no es un asunto susceptible de plantearse bajo este procedimiento, sino la cuestión de si la sentencia impugnada está viciada por un error fundamental que contradice

la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Rosario Paredes*, 209 DPR 155, 163 (2022); *Pueblo v. Román Mártir*, supra, pág. 824. En este sentido, el recurso al amparo de la Regla 192.1, *supra*, sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. *Pueblo v. Pérez Adorno*, 178 DPR 946, 966–967 (2010).

Según vimos la Regla 192.1 dispone que una vez se presente una solicitud fundamentada, el tribunal señalará una vista para adjudicar la misma. 34 LPRA Ap. II, R.192.1(b). Si de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que confiere la regla, el tribunal no tiene discreción y viene obligado a celebrar la vista. *Pueblo v. Rivera Montalvo*, 205 DPR 353, 375 (2020). Solo podrá denegar la solicitud sin celebrar la vista cuando la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno. *Íd.*

### III.

En el caso presente, el peticionario solicita que se revoque la determinación del foro recurrido en la que se le negó el remedio solicitado al amparo de la Regla 192.1, *supra.* Entiende el peticionario, que el referido foro incidió en su dictamen, puesto que se debió corregir el cómputo de su pena. Ello, a los efectos de que la suma de las penas por violentar el Artículo 8 de la Ley de Armas de Puerto Rico, *supra* y por incurrir en reincidencia, se establecieran en un total de siete (7) años y medio y no un total de quince (15) años.

A la fecha de los hechos delictivos, las disposiciones atinentes al uso ilegal de armas de fuego estaban consagradas en la Ley de Armas de Puerto Rico, Ley Núm. 17 del 19 de enero de 1951, 25 LPRA sec. 411 et seq. Siendo así, el Artículo 8 de la referida legislación, por el que el peticionario fue encontrado culpable, tipificaba como delito grave la portación y transportación de armas de fuego sin licencia. Por su parte, las

penas para delitos graves estaban dispuestas en el Artículo 42 de la precitada ley. Así pues, salvo otra cosa se dispusiese, el aludido artículo establecía una pena para delitos graves no menor de un año ni mayor de cinco (5) años.

Por otro lado, el peticionario también recibió una pena de reincidencia por el delito cometido. A esos efectos, el Artículo 62 del Código Penal del Estado Libre Asociado de Puerto Rico, Ley Núm. 115 de 22 de julio de 1974, establecía que en los casos de reincidencia se debía aumentar a la mitad la pena mínima y máxima dispuesta por ley para el delito cometido. Al amparo de dicho marco legal, la pena total del peticionario por la posesión y el transporte ilegal de armas de fuego sería de unos siete (7) años y medio: cinco (5) años por el uso ilegal de armas más dos (2) años y medio por la pena de reincidencia.

Ahora bien, los argumentos del peticionario no contemplan las enmiendas incorporadas a la Ley de Armas de Puerto Rico, *supra* mediante la Ley Núm. 110 del 4 de junio de 1980. A través de esta legislación, el Artículo 42 de la Ley de Armas de Puerto Rico, Ley Núm. 17 del 19 de enero de 1951, 25 LPRA sec. 452, se enmendó para leer como sigue:

> Toda persona convicta de delito grave por violación a las disposiciones de esta ley será castigada, a menos que otra cosa se hay dispuesto expresamente, con pena de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de tres (3) años.

Conforme surge de la precitada disposición, la pena por delito grave se puede extender hasta un máximo de diez (10) años. Siendo así, en los casos en que medie reincidencia la referida pena máxima se aumentará en la mitad. Entiéndase, se establecería una pena de cinco (5) años por reincidencia. Ante ello, las penas impuestas al peticionario por violentar el Artículo 8 de la Ley de Armas, *supra*, y por incurrir en reincidencia, fueron debidamente establecidas en un total de quince (15) años. Nótese, que los hechos del presente caso ocurrieron entre el año 1988 y el año 1992, por lo cual la Ley Núm. 110, *supra* era la legislación vigente al momento de

ocurrir los actos delictivos. En ese sentido, contrario a lo planteado por el peticionario la pena máxima para delitos graves no era de cinco (5) años sino de diez (10) años. Por consiguiente, el cómputo del delito grave en cuestión junto a la pena por reincidencia, resulta en una suma total de quince (15) años y no de siete (7) años y medio.

Independientemente de ello, las disposiciones aplicables a la Regla 192.1, *supra,* establecen como norma general, que una moción al amparo de la precitada regla debe incluir todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en la referida regla. Ante ello, al no incluirse todos los fundamentos disponibles, se entenderá que estos han sido renunciados. Así pues, conforme surge del expediente ante nuestra consideración, el peticionario presentó el 1 de julio de 2013 una primera moción al amparo de la Regla 192.1, *supra* en la que no incluyó fundamento alguno dirigido al cómputo de las penas en controversia. Por lo cual, a tenor de los requisitos esbozados en la Regla 192.1, *supra*, se consideran renunciados los fundamentos sobre el cómputo de penas que el peticionario dejó de incluir en su primera moción.

Ante ello, al amparo de las disposiciones de la Regla 40, *supra*, *expedimos* el presente auto de *certiorari* y en consecuencia *confirmamos* la determinación recurrida.

**IV.**

Por los fundamentos expuestos, a tenor de la Regla 40, *supra,* *expedimos* y *confirmamos* el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones